KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
IAN KANIG - # 295623
ikanig@keker.com
SPENCER MCMANUS - # 322824
smcmanus@keker.com
LAUREN S. KANE - # 329375
lkane@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant DIALPAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM TERRILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIALPAD, INC.,<br><br>Defendant. | Case No. 3:25-cv-04509-JD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DIALPAD, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Pursuant to Fed. R. Evid. 201.**<br><br>Date: November 13, 2025<br>Time: 10:00a.m.<br>Courtroom: 11—19th Floor<br>Judge: Hon. James Donato<br><br>Date Filed: May 28, 2025<br><br>Trial Date: Not Yet Set |

**DIALPAD'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff William Terrill alleges that non-party T-Mobile US, Inc. ("T-Mobile"), a cellular telephone company, partnered with Defendant Dialpad, Inc. ("Dialpad") to record, transcribe, and analyze calls made to T-Mobile's customer service center. Dkt. No. 1 ("Compl.") ¶¶ 1–8. Even though Plaintiff admits that T-Mobile told him that it may record those calls, he alleges that it never told him it may share those recordings with a company like Dialpad. *Id.* As a result, he claims that Dialpad unlawfully eavesdropped on his March 2025 call to T-Mobile in violation of Sections 631 and 632 of the California Invasion of Privacy Act ("CIPA"). *Id.* ¶¶ 8–12.

Dialpad has now moved to dismiss Plaintiff's complaint for failing to state a claim. In that motion, Dialpad explains that Plaintiff's complaint suffers from numerous fatal defects. *See generally* Dialpad's Motion to Dismiss ("MTD"). They include: (1) Plaintiff cannot plausibly allege that Dialpad has ever provided the customer service telephone support to T-Mobile that his entire complaint is predicated upon (*id.* at 5–7); (2) T-Mobile and Dialpad are both statutorily exempt from Plaintiff's CIPA claims because they are public utility telephone companies that were allegedly acting for the purpose of operating their services and facilities (*id.* at 8–10); (3) T-Mobile broadly and unambiguously disclosed to Plaintiff that it may "share" and "disclose" his "[a]udio, electronic, visual, or similar information" with "data analytics providers" and "other service providers" "for a business purpose," which would include the services Dialpad allegedly provided to T-Mobile (*id.* at 10–11); (4) Plaintiff has not and cannot plausibly allege that Dialpad intended to invade his privacy because it directs its customers to provide all necessary disclosures and secure end user consent before implementing its services (*id.* at 11–12); and (5) the "party exception" rule bars Plaintiff's Section 631 CIPA claims because there is no plausible allegation that T-Mobile lacked control over how Dialpad could use its customer call data (*id.* at 12–14).

Dialpad now respectfully requests that this Court take notice of publicly-available records that support these arguments in its motion to dismiss. These records—which include a webpage and a press release from Dialpad's website, two decisions from the California Public Utilities Commission, T-Mobile's Privacy Notice, and Dialpad's Acceptable Use Policy and Privacy Policy—are subject to judicial notice and/or incorporation by reference as set forth below.

## I. JUDICIAL NOTICE AND INCORPORATION-BY-REFERENCE DOCTRINE

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a district court may consider any matters that are subject to judicial notice. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). A matter is subject to judicial notice when it is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Further, under the incorporation-by-reference doctrine, courts may consider documents extrinsic to the complaint if their "authenticity is not contested and the plaintiff's complaint necessarily relies on [them]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up), *abrogated on other grounds as suggested by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).[1] A plaintiff's complaint necessarily relies on an extrinsic document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). The Ninth Circuit has held that quoting from a document is sufficient to incorporate it by reference. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Where so incorporated by reference, courts treat a document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

## II. DOCUMENTS SUBJECT TO JUDICIAL NOTICE AND/OR INCORPORATION

In support of its motion to dismiss, Dialpad requests judicial notice and/or incorporation

---

[1] Incorporation by reference is different than judicial notice, *Lee*, 250 F.3d at 688–89, and the standards are different, too, *see Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("[T]he Court may consider [documents'] contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for *judicial notice*.").

by reference of the following publicly-available records for the reasons set forth in Section III.

**Dialpad's Website.** Attached to the Declaration of Ian Kanig ("Kanig Declaration"), filed concurrently herewith, as **Exhibit A** and **Exhibit B** are true and correct copies of Dialpad's webpage entitled "Ai Contact Center" as it exists now and at the time Plaintiff filed his complaint. A link to this webpage is incorporated by reference into Plaintiff's complaint. Compl. ¶ 1 & n.1. For the purposes of Dialpad's motion to dismiss, there is no material difference between these two versions of this Dialpad webpage, but both are provided here for the sake of completeness. And attached to the Kanig Declaration as **Exhibit C** is a true and correct copy of Dialpad's press release on Dialpad's website entitled "Dialpad and T-Mobile Elevate Business Communications with Launch of Ai Recaps and Partnership Extension," that was published on March 14, 2025.

**California Public Utilities Commission Decisions.** Attached to the Kanig Declaration as **Exhibit D** is a true and correct copy of California Public Utilities Commission ("CPUC") Decision 20-04-008, *Decision Granting Application and Approving Wireless Transfer Subject to Conditions* (Apr. 16, 2020). Attached to the Kanig Declaration as **Exhibit E** is a true and correct copy of CPUC Decision 24-11-003, *Decision Establishing Regulatory Framework for Telephone Corporations Providing Interconnected Voice Over Internet Protocol Service* (Nov. 12, 2024).

**T-Mobile's Privacy Notice.** Attached to the Kanig Declaration as **Exhibit F** is a true and correct copy of T-Mobile's Privacy Notice in effect from September 20, 2024, to May 6, 2025.

**Dialpad's Acceptable Use Policy.** Attached to the Kanig Declaration as **Exhibits G** and **Exhibit H** are true and correct copies of Dialpad's Acceptable Use Policy that were in effect from June 2020 until June 2025 and from June 2025 to the present, respectively.

**Dialpad's Privacy Policy.** Attached to the Kanig Declaration as **Exhibits I–L** are all the versions of Dialpad's Privacy Policy that have been in effect since August 2023 to the present. A live link is incorporated by reference into Plaintiff's complaint. Compl. ¶¶ 33–36 & nn. 18–22. Attached as **Exhibit M** to the Kanig Declaration is a true and correct copy of the document expressly incorporated into Dialpad's Privacy Policy entitled "Manage Ai Training Preferences."

///

///

## III. ARGUMENT

### A. The Dialpad, T-Mobile, and CPUC materials are judicially noticeable because they are internet and governmental records not subject to reasonable dispute.

Dialpad properly requests judicial notice of Dialpad's Ai Contact Center webpage (Exhibits A & B), a Dialpad press release about its partnership with T-Mobile (Exhibit C), two CPUC decisions concerning T-Mobile and Dialpad's classification as public utility telephone companies (Exhibit D & E), T-Mobile's Privacy Notice (Exhibit F), Dialpad's Acceptable Use Policy (Exhibits G & H), Dialpad's Privacy Policy (Exhibits I–L), and its policy regarding AI training preferences incorporated into the Privacy Policy (Exhibit M) because they are publicly-available webpages not subject to reasonable dispute and relevant to Dialpad's motion to dismiss.

"In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020). For that reason, courts in this District regularly take judicial notice of the existence and contents of publicly-available websites, including "privacy policies" and other "terms of service." *E.g.*, *Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023), *aff'd*, 2025 WL 66050 (9th Cir. Jan. 10, 2025); *see also, e.g.*, *In re Google, Inc. Priv. Pol'y Litig.*, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (Google's "past and present" Privacy Policies); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (Twitter's Terms of Service); *Datel Holdings, Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (Microsoft's Xbox Terms). This includes webpages that are archived on Wayback Machine, because they are "inherently reliable" internet records. *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020).

Further, CPUC decisions are official and public governmental records. Their authenticity thus is not subject to reasonable dispute, and courts routinely take judicial notice of them. *E.g., Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992); *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1134 (N.D. Cal. 2015).

All these documents are relevant to this Court's review of Dialpad's motion to dismiss. ***First,*** Plaintiff relies upon Dialpad's "Ai Contact Center" webpage as the exclusive support for his allegation that Dialpad provides customer service telephone support to T-Mobile. Compl. ¶ 1

& n.1. But that Dialpad website does not support the assertion for which Plaintiff relies on it. Rather, the Dialpad webpage refers to its relationship with ***T-Mobile for Business***, which permits T-Mobile to resell Dialpad's services to its own accountholders for use in ***their*** businesses. Kanig Decl., Exs. A–C. Because Plaintiff does not allege he has ***ever*** interacted with T-Mobile for Business, he has not stated any plausible eavesdropping claim against Dialpad. MTD at 5–7.

***Second,*** the CPUC decisions classifying T-Mobile and Dialpad as public utility telephone companies (Exhibits D & E) establish that Plaintiff's action is barred by CIPA's exemption for telephone companies and their agents. *See* Cal. Pen. Code § 631(b) (Section 631 exemption); *id.* § 632(e)(1) (Section 632 exemption). Because they are both public utility telephone companies that were allegedly acting for the purpose of maintaining, conducting, and operating T-Mobile's and Dialpad's telephone services and facilities, Plaintiff's CIPA claims are barred. MTD at 8–10.

***Third,*** Plaintiff admits that T-Mobile told him when he called its customer service line that "we may record this call." Compl. ¶ 7. He claims, however, that T-Mobile did not disclose his call may be "shared with Dialpad." *Id.* But T-Mobile's Privacy Notice disclosed to him that it would "share" and "disclose" his "[a]udio, electronic, visual, or similar information" with "data analytics providers" and "other service providers" "for a business purpose." Kanig Decl., Ex. F at 12–13. That broad and unambiguous disclosure would plainly include Dialpad and the business purposes for which Plaintiff alleges T-Mobile shared his customer service call. *See* Compl. ¶¶ 24–29. This, too, is fatal to Plaintiff's CIPA claims as a matter of law. MTD at 10–11.

***Fourth,*** Plaintiff also has not pleaded that Dialpad willfully or intentionally invaded his privacy, which is a required element of his CIPA claims. MTD at 11–13. To the contrary, Dialpad's Acceptable Use Policy (Exhibits G & H) requires Dialpad's customers to provide all necessary disclosures and secure customer consent before implementing Dialpad's telephone services. There are no well-pleaded allegations Dialpad intended otherwise. MTD at 11–13.

***Finally,*** Plaintiff's Section 631 claims fail under the "party exception" rule. MTD at 13—15. That rule provides that an alleged third-party service provider that receives a customer's end users' communications (here, Dialpad) is not intercepting those communications, so long as the data that it receives remains subject to its customer's control (here, T-Mobile). *Id.* Because

Dialpad's Privacy Policy states that T-Mobile retains control over its communications, Plaintiff has not plausibly pleaded that the party exception rule does not apply here. RJN, Exs. I–M.

Thus, this Court should take judicial notice of Exhibits A–M of the Kanig Declaration.

**B. Dialpad's webpage and Privacy Policy are also subject to incorporation by reference because Plaintiff's complaint cites, quotes, and relies upon them.**

Plaintiff's complaint also explicitly incorporates by reference two of these documents: (1) Dialpad's "Ai Contact Center" webpage (Compl. ¶ 1 & n.1) (Kanig Decl., Exs. A & B); and (2) T-Mobile's Privacy Notice (Compl. ¶¶ 33–36 & nn. 18–22) (Kanig Decl., Exs. I–M). These materials are subject to incorporation by reference because (1) they are publicly-available internet records whose authenticity is not subject to reasonable dispute (as explained above) and (2) Plaintiff's complaint necessarily relies on them. *See Lee*, 250 F.3d at 688. Plaintiff's complaint necessarily relies on Dialpad's Ai Contact Center webpage because it "forms the basis of the plaintiff's claim"; indeed, it is the only allegation in his complaint that attempts to tie Dialpad to T-Mobile. *See Ritchie*, 342 F.3d at 908. Plaintiff's complaint also necessarily relies on Dialpad's Privacy Policy and its incorporated materials because it links to that document and repeatedly cites and quotes from it to state its CIPA claims. Compl. ¶¶ 33–36 & nn.12–22. That is sufficient to incorporate these materials by reference. *Daniels-Hall*, 629 F.3d at 998. Thus, this Court may treat Exhibits A–B & I–M as part of Plaintiff's complaint and "may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *See Ritchie*, 342 F.3d at 908.

Thus, this Court should incorporate Exhibits A–B & I–M of the Kanig Declaration.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Dialpad's request for judicial notice and incorporation by reference in support of Dialpad's motion to dismiss Plaintiff's complaint.

///

///

///

///

///

Dated: September 15, 2025

KEKER, VAN NEST & PETERS LLP

By: */s/ Ian Kanig*
BENJAMIN BERKOWITZ
CHRISTINA LEE
IAN KANIG
SPENCER MCMANUS
LAUREN S. KANE

Attorneys for Defendant DIALPAD, INC.



3074893